IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **GOLD COAST COMMODITIES, INC.**, *Plaintiff*, v. **ACADIA INSURANCE COMPANY**, *Defendant*. | CAUSE NO. 3:22-CV-177-CWR-ASH |

## ORDER

In 2020, Jason Bradshaw and two of his colleagues sued Gold Coast Commodities. Gold Coast had hired them to install an electrical panel and controls to run floating aerators in its industrial lagoon. When Bradshaw and his colleagues finished and turned on the aerators, however, deadly gases from the lagoon rose up and rendered them unconscious. One managed to awaken and turn off the aerators. Someone then rescued them and took them to the hospital. Their state-court personal injury suit followed two months later.

Separately, in 2022, Lewis Mashburn sued Gold Coast in state court for releasing industrial wastewater onto his property, causing damages.

Gold Coast sent the lawsuits to Acadia Insurance Company and asked it to provide a defense. When Acadia refused, Gold Coast filed this federal action seeking a declaration of its rights under its insurance policy.

Having reviewed the record and applicable precedent, the Court now concludes that Acadia does not have a duty to defend Gold Coast in the Bradshaw or Mashburn actions.

The Court will presume the parties' familiarity with the Fifth Circuit's decisions in Gold Coast's other recent insurance-coverage litigation. *See Gold Coast Commodities, Inc. v. Crum & Forster Specialty Ins.*, 68 F.4th 963 (5th Cir. 2023); *Gold Coast Commodities, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 96 F.4th 769 (5th Cir. 2024). The Court also asks the parties to familiarize themselves with the ruling the undersigned issued this day in *Gold Coast Commodities, Inc. v. United Fire & Casualty Co.*, No. 3:22-CV-194-CWR-LGI, Docket No. 36 (S.D. Miss. Aug. 8, 2024). Those decisions collectively provide some factual background and recite the applicable legal standard for this dispute. The Fifth Circuit's 2024 decision in the Gold Coast-Travelers dispute also conclusively rejects Gold Coast's argument claiming ambiguity in these pollution exclusions.

Gold Coast's best remaining argument for coverage of the Bradshaw action is that Acadia's insurance policy provides some coverage for short-term pollution events that cause bodily injury or property damage. But a sentence later, the policy clarifies that such coverage does not apply to bodily injury or property damage caused by the release of pollutants from a location that handles or stores waste. Because it is undisputed that the lagoon is such a site, there is no insurance coverage for the Bradshaw suit.

The same part of the policy precludes coverage of the Mashburn action. The policy explains that it does not cover short-term pollution events causing bodily injury or property damage if the pollutants migrated from a location used for handling or storing waste. Again, the lagoon is a location used for the handling and storage of waste. Because the pollutants migrated from the lagoon to Mashburn's property, the policy precludes coverage of Mashburn's alleged resulting damages.

For these reasons, Acadia's dispositive motions are granted and Gold Coast's dispositive motions are denied. A separate Final Judgment will issue.

**SO ORDERED**, this the 8th day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
